UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>  v.<br>FRANK W. COON,<br>        Defendant. | No. 2:14-cr-0038-GEB<br><br>**PROPOSED VOIR DIRE** |

      Attached is the Court's proposed voir dire. Any proposed modifications shall be filed by 12:00 P.M. on Monday, May 16, 2016.

Dated:  May 12, 2016

                                  _____
                                  GARLAND E. BURRELL, JR.
                                  Senior United States District Judge

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>FRANK W. COON,<br><br>        Defendant. | No. 2:14-cr-0038-GEB<br><br>**VOIR DIRE** |

      Good morning and welcome to the United States District Court. Thank you for your presence and anticipated cooperation in the jury selection questioning process we are about to begin. You are performing an important function in our legal system.

      The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy is Shani Furstenau. Next to her is the Certified Court Reporter.

      We are about to begin what is known as voir dire. The purpose of voir dire is to determine whether you can be a fair and impartial juror on this case. Near or at the end of the process, each party can use a certain amount of what are called peremptory challenges, which excuse a potential juror from sitting as a juror on this case. A potential juror can also be

excused for other reasons.

Ms. Furstenau, please administer the oath to the panel.

Counsel, the Jury Administrator randomly selected potential jurors and placed their names on the document that you have been given in the numerical sequence in which each potential juror was randomly selected. Each juror has been placed in his or her randomly-selected seat. The Courtroom Deputy has given each juror a large laminated card on which the number is placed that depicts the order in which the juror was randomly selected.

I will ask the jurors questions as a group. If a potential juror has a response, he or she shall raise the laminated card. Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, meaning the juror in the lowest numbered seat will respond first. If no card is raised, I will simply state "no response" for the record and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your seat number by stating your seat number, then your response. That should expedite the process.

If you conclude any question unduly pries into your private affairs and you, therefore, desire to discuss it privately, let me know. I am authorized to protect legitimate

privacy interests, but I may ask questions about the matter you indicate you want to discuss privately to determine whether it, or any aspect of the matter, should be discussed in the public courtroom. This approach is taken because the trial proceedings should be open unless I have a legitimate reason to close an aspect of it.

The presentation of evidence and closing argument portions of the trial are expected to be completed in approximately _____ court days, after which the case will be submitted to the jury for jury deliberation. Trial will be conducted on Tuesdays, Wednesdays, and Thursdays, from 9:00 a.m. to about 4:30 p.m. However, once you commence jury deliberations, you will be expected to deliberate every day except weekends from 9:00 a.m. to about 4:30 p.m. until you complete your deliberations.

1. Does this schedule present a problem for any prospective juror?

2. Is there any reason why you would not be able to be a juror or give your full attention to this case?

3. Are you opposed to judging a witness's credibility?

4. This is a criminal case brought by the United States government against Defendant Frank W. Coon in which the United States alleges in the Indictment that between on or about

3

August 18, 2011, and continuing through on or about March 7, 2012, Mr. Coon violated federal law by receiving child pornography images. Mr. Coon has pleaded not guilty to these allegations. The Indictment against Mr. Coon are allegations, nothing more.

    a. Did you know about the allegations being tried in this case before I just stated them?

    5.   Certain evidence in this case may be videos and images showing sexually explicit conduct with minor children.

    a. Is anything about being exposed to such evidence that could interfere with your ability to be an impartial and fair juror who decides this case based solely on the facts presented at trial and the law on which I will instruct you later?

    b. Have you, a family member, or a close friend been the victim of the type of sexually explicit conduct involved in this case?

    6.   I now see if you know, or have had any interaction with any participant in this trial by allowing each party to be named.

    a. The attorneys for the United States may introduce themselves and read the names of all witnesses they intend to call.

    b. Defense counsel may now introduce himself, his

client, and state anything he desires.

    c. Do you know or have you had any interaction with any person just introduced or named?

7. Have you, any member of your family, or any close friend ever been arrested or charged for a crime or been a defendant in a criminal case?

    a. Could what you communicated have a bearing on your ability to be a fair and impartial juror in this case?

8. Have you ever served as a juror in the past?

    a. State whether it was a civil or criminal case, and state whether the jury reached a verdict, but do not state the actual verdict reached.

9. Have you, any member of your family, or any close friend ever been employed by a law enforcement agency?

    a. Is there anything about what you just related that could prevent you from being an impartial juror in this case?

10. Would you tend to believe the testimony of a witness just because that witness is a law enforcement officer and for no other reason?

11. Would you tend to disbelieve the testimony of a witness just because that witness is a law enforcement officer?

12. You are required to apply the law I will give you even if you believe a different law should apply. If you cannot

agree to what I just said, please raise your hand.

    13. Do you have any difficulty with the rule of law that a person charged with a crime is presumed innocent and need not present any evidence, and the government at all times bears the burden of proving guilt beyond a reasonable doubt?

    14. Do you have any problem with the rule of law that a defendant need not testify on his own behalf, and that if a defendant chooses not to testify, that factor may not be considered by you in your deliberations?

    15. Is there anything that we have not discussed that you believe could have a bearing on your ability to be a fair and impartial juror in this case?

    16. Now, I am going to ask you to put yourselves in the position of each lawyer and party in this case. Do you have any information that you would like to know if you were in that position?

    17. The Courtroom Deputy Clerk will give juror in seat number 1 a sheet on which there are questions to which I want each of you to respond. Please pass the sheet to the juror near you after you respond. The questions ask:

        a. your name;

        b. your educational background;

        c. the educational background of any person residing with you;

d. your present and former occupations; and

e. the present and former occupations of any person residing with you.