UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2: 14-cr-0038-GEB |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S 18 U.S.C. SECTION 3145(C) MOTION** |
| FRANK COON, | |
| Defendant. | |

On June 16, 2016, Defendant filed a motion to reinstate his release, arguing that "[t]he court has authority to [release him under 18 U.S.C. section 3145(c)] as there are exceptional circumstances which allow . . . his release." (Def.'s Mot. to Reinstate Release 1:17-20, ECF No. 94.) The government opposes the motion, arguing Defendant has failed to satisfy any of the factors applicable to the release he seeks under 18 U.S.C. section 3145(c). (Gov't's Opp'n, ECF No. 95.) The pertinent part of 18 U.S.C. 3145(c) applicable to the motion prescribes a defendant "may be ordered released . . . if it is **clearly shown that there are exceptional reasons** why such person's detention would not be appropriate." 18 U.S.C. 3145(c) (emphasis added).

The Ninth Circuit discussed this release factor in United States v. Garcia, 340 F.3d 1013 (9th Cir. 2003), stating:

> Hardships that commonly result from imprisonment do not meet the standard. The general rule must remain that conviction for a covered offense entails immediate incarceration. Only in ***truly unusual circumstances*** will a defendant whose offense is subject to [18 U.S.C. section 3143(a)(2)]

1

be allowed to remain on bail . . .

United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) (emphasis added).

Defendant argues "[he] is and has been disabled for many years." (Def.'s Mot. to Reinstate Def.'s Release 1:21-26, ECF No. 94.) However, Defendant fails to show how his conclusory reference to his disability constitutes what the Ninth Circuit requirement of a "truly unusual circumstance[.]" Garcia, 340 F.3d at 1022; see United States v. Dempsey, No. CRIM. 91-098, 1991 WL 255382, at *2 (E.D. La. Nov. 19, 1991) (finding defendant's poor health not to be an exceptional reason).

Defendant also argues "[h]e wishes to return to his sister and help care for his invalid brother-in-law." (Def.'s Mot. to Reinstate Def.'s Release 1:21-26.) However, Defendant has not shown that his desire to assist his referenced family warrants release pending sentencing under § 3145(c). See United States v. Lippold, 175 F. Supp. 2d 537, 540 (S.D.N.Y. 2001) (denying defendant's request based on his relationship with his young children, one of whom was disabled); United States v. Bryant, 873 F. Supp. 660, 663 (N.D. Ga. 1994) (denying defendant's request based on defendant's desire to spend time with family, including young son).

For the stated reasons, the motion is denied and the hearing scheduled on June 23, 2016 is vacated.

Dated: June 23, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge