PHILLIP A. TALBERT
United States Attorney
MATTHEW G. MORRIS
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>FRANK W. COON,<br><br>        Defendant. | CASE NO. 2:14-CR-38-GEB<br><br>STIPULATION AND PROPOSED ORDER REGARDING RESTITUTION<br><br>DATE: January 20, 2017<br>TIME: 9:00 a.m.<br>COURT: Hon. Garland E. Burrell, Jr. |

## I.   BACKGROUND

On or about February 12, 2014, a grand jury empaneled in the Eastern District of California returned an indictment that charged the defendant with a single-count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). On May 19, 2016, a jury convicted the defendant. He was sentenced on November 4, 2016. Matters related to restitution were continued to January 20, 2017, at the request of the government, in light of relevant Ninth Circuit precedent that had been decided between the date that the victim submitted a request for restitution and the date of sentencing.

## II.   APPLICABLE LAW

### A.   Statutory Law

Under the Mandatory Restitution for Sex Crimes portion of the Violence Against Women Act of 1994, the Court must order restitution for child pornography offenses. 18 U.S.C. § 2259(a). Restitution is mandatory in child pornography cases to any person "harmed as a result of" a defendant's crime. *See*

18 U.S.C. § 2259(a), (c).  Restitution is required for "the full amount of the victim's losses," including any costs incurred by the victim for: (A) medical services relating to physical, psychiatric, or psychological care; (B) physical or occupational therapy or rehabilitation; (C) necessary transportation, temporary housing, and child care expenses; (D) lost income; (E) attorneys' fees, as well as other costs incurred; and (F) any other losses suffered by the victim as a proximate result of the offense.  See 18 U.S.C. § 2259(b)(3).

### B. Case Law

In 2014, the United States Supreme Court determined that the plain language of Section 2259 limits restitution only to those losses proximately caused by an individual defendant's conduct.  *See Paroline v. United States*, ―U.S. ―, 134 S.Ct. 1710, 1720-22 (2014).  The Court rejected the victim's proposed approach – that each possessor should be liable for her entire losses – but also rejected a strict "but-for" causation requirement.  *Id*. at 1725-1727.  Instead, the Court held that where it can be shown that (a) the defendant possessed a victim's images and (b) the "victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant," a district court "should order restitution in an amount that comports with the defendant's relative role in the causal process underlying the victim's general losses."  *Id*. at 1727.  In other words, the Court rejected requiring the government to prove that a victim would not have suffered harm "but for" the particular conduct of an individual defendant, overruling the strict standard established by the Ninth Circuit in United States v. Kennedy, 643 F.3d 1251, 1262-63 (9th Cir. 2011) (holding that although the "defendant's conduct need not be the sole cause of the loss, it must be a material and proximate cause, and any subsequent action that contributes to the loss, such as an intervening cause, must be directly related to the defendant's conduct").

The Court explained that in a case such as *Paroline*, where the defendant was convicted of possessing a number of images, two of which depicted the victim "Amy," the ultimate amount "would not be severe . . . given the nature of the causal connection between the conduct of a possessor like Paroline and the entirety of the victim's general losses from the trade in her images, which are the product of the acts of thousands of offenders." *Paroline*, 134 S.Ct. at 1727.  However, the Court also stated that the award should not be "a token or nominal amount." *Id*.  The Court held that district courts

should use "discretion and sound judgment" in determining the proper amount of restitution, as it cannot be a precise mathematical inquiry. *Id*. at 1728. A variety of factors may serve as rough guideposts, but the Court declined to articulate a "precise algorithm" for determining the proper restitution amount at this point in the law's development, particularly any algorithm that would result in "trivial restitution orders." *Id*.

Rather, the Court suggested that district courts first "determine the amount of the victim's losses caused by the continuing traffic in the victim's images," then "set an award in consideration of factors that bear on the relative causal significance of the defendant's conduct in producing those losses." *Id*. at 1728. Pertinent factors could include (a) the number of past defendants contributing to the victim's general losses; (b) reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to those losses; (c) any available and reasonably reliable estimate of the broader number of offenders (including those never apprehended) involved; (d) whether the defendant reproduced or distributed images of the victim; (e) whether the defendant had any connection to the initial production of the images; (f) how many images of the victim the defendant possessed; and (g) other facts relevant to the defendant's relative causal role. *Id*.

On November 4, 2015, the Ninth Circuit clarified *Paroline* in *United States v. Galan*, 804 F.3d 1287 (2015). *Galan* imposed a loss disaggregation requirement before restitution could be awarded, and held that: "distributors and possessors of child pornography cannot be ordered to pay restitution to their victims without the Government first disaggregating the harms caused by these individuals from the harms caused by the so-called 'original abuser.'" *See United States v. Chan*, 2016 WL 370712, at *1 (D. Haw. Jan. 26, 2016) (citing *Galan*, 804 F.3d at 1291). In arriving at its holding, the *Galan* panel acknowledged the extraordinary difficulty associated with such disaggregation: "We have no illusion that the task will be easy ... we can only say that precision is neither expected nor required." *Galan*, 804 F.3d at 1291.

After the disaggregation required under *Galan* is complete, and the district court knows the loss amount attributable to the distributors and possessors, it may apply the *Paroline* factors to determine the proper restitution amount due to the victim. *Galan* 804 F.3d at 1289, n. 10. It is the government's burden to prove, by a preponderance of the evidence, the loss amounts the original abuser caused the

victim. 18 U.S.C. § 3664(e).

While this case was pending, counsel for a victim in the "Marineland" series of child pornography submitted a request for restitution. The materials submitted by the victim's counsel did not include evidence of loss disaggregation, as required under *Galan*, because the submissions predated the *Galan* decision. After sentencing, the government contacted the victim's attorney to inquire about whether the victim had any materials that could be submitted regarding disaggregation, for the government to meet its burden. By e-mail, counsel for the Marineland victim informed the government that she does not have such supplemental material.

In the absence of evidence demonstrating loss disaggregation, the government cannot prove by a preponderance of the evidence what amount of the victim's losses was caused by the original abuse. As a result, this Court cannot engage in the disaggregation required under *Galan*, which in turn prevents the Court from proceeding to the *Paroline* analysis. A different court confronted similar circumstances in *United States v. Kugler*, 2016 WL 816741 (D. Mont. Feb. 29, 2016) and denied restitution. The *Kugler* court held that because three victims were not able to "provide the government with any documentation or information to assist in disaggregating their losses … the government cannot prove by a preponderance of the evidence what amount of the victims' losses was caused by the original abuse." Id. at *2 (citing *Galan*). As in *Kugler*, it is not possible, on the current record, to calculate a restitution amount that will withstand appellate scrutiny. *See, e.g., United States v. Grovo*, 826 F.3d 1207, 1222 (9th Cir. 2016) ("Under *Galan*, … failure to disaggregate losses caused by the initial abuse was an abuse of discretion…").

### III.   STIPULATION

Accordingly, the parties the United States of America by and through its counsel of record, and defendant Frank W. Coon ("Defendant"), by and through his counsel of record, hereby stipulate and agree that the Court may not lawfully order restitution based on the available record. Consequently, the parties further stipulate and agree that the Court should deny the restitution request and vacate the restitution hearing currently scheduled for January 20, 2017.

Dated: January 19, 2017					PHILLIP A. TALBERT
								United States Attorney


							By: /s/ MATTHEW G. MORRIS
								MATTHEW G. MORRIS
								ROSANNE RUST
								Assistant United States Attorneys

Dated: January 19, 2017					/s/ KRESTA N. DALY (auth by email)
								KRESTA N. DALY
								Attorney for Frank Coon

### IV. [PROPOSED] ORDER

In light of the legal standard set out in *United States v. Galan*, 804 F.3d 1287 (2015), and the stipulation of the parties, the government has not met its burden of proof with respect to restitution in this case. The Court therefore orders that the restitution request is denied, and the restitution hearing is vacated.

IT IS SO FOUND AND ORDERED.

Dated: January 19, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge