UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FRANK W. COON,<br><br>　　　　Defendant. | No. 2:14-cr-0038-GEB<br><br>**ORDER DENYING SEALING AND CLOSURE REQUEST** |

After Defendant Frank W. Coon was informed in an Order filed September 30, 2019 that he failed to provide "reason justifying sealing the REQUEST TO SEAL DOCUMENTS," Coon resubmitted the REQUEST TO SEAL DOCUMENTS for sealing after the September 30, 2019 order was filed by emailing it to chambers for an in camera consideration of Coon's second attempt to have it filed under seal. Coon failed to inform the public about this in camera submittal in his public sealing notice. This failure violates the public's right to know about this document.

"The public right [to know about court documents] has two dimensions. First, the right protects the public's ability to oversee and monitor the workings of the Judicial Branch. Second, [the right] promotes the institutional integrity of the Judicial Branch." Doe v. Public Citizen, 749 F.3d 246, 263 (4th Cir. 2014). Since Coon's REQUEST TO SEAL DOCUMENTS should have been filed on the public docket, the Clerk of Court shall file Coon's REQUEST TO SEAL DOCUMENTS on the public docket.

After the filing of the September 30, 2019 Order, Coon

also emailed chambers the following documents on September 30, 2019 for in camera consideration of his request: a [PROPOSED] SEALING ORDER, and Exhibits D, F, and G. Coon makes the following conclusory argument about these exhibits in his public sealing notice filed on September 30, 2019: "Exhibits D, F, and G contain medical information regarding Mr. Coon that is not for public record." Notice at 1:22-23 (ECF No. 133). Yet Coon has already filed what his September 30, 2019 in camera sealing request labels as Exhibit D on the public docket as Exhibit B to his SUPPLEMENT IN SUPPORT OF MOTION TO REDUCE SENTENCE PURSUANT TO 8 U.S.C. § 3582(c)(1)(A)(i). This supplement was filed on September 30, 2019. (ECF No. 132).

Coon's claim of privacy in the subject documents lacks weight since Exhibit D is on the public record as Exhibit B, and this public filing of what Coon asserts to be private information weighs strongly against Coon's sealing request. See Cox Broad. Corp. v. Cohn, 420 U.S. 469, 494–95 (1975) ("[T]he interests in privacy fade when the information involved already appears on the public record."); Globe Newspaper Co. v. Pokaski, 868 F.2d 497, 506 n. 17 (1st Cir.1989) (noting that when the public has already been provided access to what is asserted to be private that "publicity weighs strongly against sealing"). Considering Coon's sealing request, "we start with a strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co. 331 F.3d 1122, 1135 (9th Cir. 2003). This right of access "'can be overcome' only by showing 'sufficiently important countervailing interests.'" Phillips ex rel. Estates of Byrd v. General Motors Corp. 307 F.3d 1206, 1212 (9th Cir. 2002). "In

deciding whether sufficient countervailing interests exist, the courts will look to the 'public interest in understanding the judicial process,'" and other sufficiently identified interests. Id. at 307 F.3d 1213.

Coon has not shown that Exhibits F and G on which he relies in support of his motion to have his prison sentence reduced "[d]ue to his injuries and chronic medical conditions," should be sealed. Supplement at 4:10-11. Coon "has failed to show that [he has] a sufficiently compelling interest in sealing these records. The records relate to [Coon's] medical [and physical] conditions that the Court has been asked to consider in [deciding whether to grant Coon's request for a reduced prison sentence], and [the records] are neither extensive, nor do they delve into extraneous matters. Thus, [Coon] has failed to make a sufficient showing that the sealing of [these] records is warranted." United States v. King, 2012 WL 2196674, at *2 (S.D.N.Y. 2012); United States v. Bradley, 2007 WL 1703232, at *4 (S.D. Ga. 2007) (discussing instances "where the public interest in access to what a judge has relied upon would trump any claimed, medical-records privacy interest" and the need for "the public [to be] able to assess the judge's competence," and "whether the justice system has been exploited," and stating such "informational" access "is indispensable to a court system that cannot function without public trust and respect."); c.f. United States v. Kaczynski, 154 F.3d 930, 931 (9th Cir. 1998) (affirming decision providing the movant intervenors-appellees a redacted version of defendant's psychiatric competency report under the common-law right of access doctrine).

3

Since Coon has not shown that his sealing request should be granted, it is denied. Therefore, Exhibits F and G submitted for sealing are treated as having been returned to Coon so that he can decide how to proceed. See Local Rule 141(e)(1) ("If a Request [for a sealing order] is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied").

Dated: October 4, 2019

GARLAND E. BURRELL, JR.
Senior United States District Judge